IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MĀLAMA MĀKUA, a Hawai`i non-profit corporation, | ) ) ) | CIVIL NO. 00-00813 SOM<br>CIVIL NO. 08-00327 SOM/LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT |
| ROBERT GATES, Secretary of Defense; and PETE GEREN, Secretary of the United States Department of the Army, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT

I.     INTRODUCTION AND BACKGROUND FACTS.

     This case is an offshoot of a Complaint filed in Civil Number 00-00813 SOM on December 20, 2000, and amended on May 20, 2001.  The major issue in that Complaint was whether Defendants had to prepare an environmental impact statement ("EIS") addressing the effects of military training with live ammunition at the Makua Military Reservation ("MMR") in West Oahu, Hawaii.

     On October 4, 2001, the parties entered into a Settlement Agreement and Stipulated Order ("Settlement Agreement"), dismissing the Amended Complaint with prejudice.  As part of the extensive Settlement Agreement, the Army agreed to prepare an EIS and to take certain actions with respect to unexploded ordnance ("UXO") at MMR.

On January 13, 2006, Mālama Mākua filed a motion to enforce the Settlement Agreement.  This motion sought to compel the Army to complete a revised draft EIS and archaeological surveys.  The motion also sought to have the Army clear UXO and expand public access to cultural sites at MMR.  On March 6, 2006, this motion to enforce was withdrawn.  However, Mālama Mākua was told that it could reinstate the motion by filing an amended notice of hearing.  See Entering Order (March 6, 2006).

More than two years later, on February 20, 2008, Mālama Mākua filed an amended notice of hearing and a "reply" in support of its 2006 motion.  The reply sought only the clearing of UXO and Mālama Mākua's access to certain cultural sites.  The court treated the "reply" as a motion and ruled that, by failing to timely identify "high priority" cultural sites to be cleared of UXO, the Army had violated paragraph 8(b) of the Settlement Agreement.

In an amended order filed on April 9, 2008, the court ordered the Army to comply with the Settlement Agreement and to make quarterly written reports to the court detailing its compliance.  Among other things, the Army was required in the first quarterly report, due April 22, 2008, to "formally identify all 'additional, high priority areas at MMR for UXO clearance,' as required by paragraph 8(b) of the Settlement Agreement."  At the hearing on the "reply," the Army had stated that its "high

priority areas" identified for UXO clearance were co-extensive with those areas listed by William Aila at a December 10, 2002, public hearing. The court consequently required the Army to include Aila's listed areas among the Army's "high priority" sites identified for UXO clearance. <u>See</u> Amended Order Enforcing 2001 Settlement Agreement (Apr. 9, 2008) (Document No. 188).

In a separate order issued the same day, the court rejected Mālama Mākua's request to require the Army to include as "high priority" sites newly discovered sites in Kahanahaiki Valley. The court instead told Mālama Mākua that, if the Army failed to include those sites as "high priority" in its first quarterly report, Mālama Mākua could "comment on that decision." <u>See</u> Order Granting in Part and Denying in Part Mālama Mākua's Motion to Amend Order Enforcing 2001 Settlement Agreement (Apr. 9, 2008) (Document No. 187).

For the convenience of the parties and the court, the court, noting that the issues brought to it in 2008 were removed from the claims in the 2000 Complaint, asked that any party seeking further enforcement of the Settlement Agreement file a new action. This request was intended to help the parties focus on new issues, to prevent confusion, and to provide for orderly scheduling. In keeping with the court's request, on July 15, 2008, Mālama Mākua filed the present Complaint for Declaratory Judgment and Injunctive Relief, Civil No. 08-00327 SOM/LEK. This

Complaint alleges that the Army violated paragraph 8(b) of the Settlement Agreement by identifying "high priority" sites without

> provid[ing] meaningful opportunities for the people of the Wai`anae Coast to participate in identifying and prioritizing the[] areas, including releasing draft plans for public review and holding meetings at which the public will have the chance to ask questions, raise concerns and make comments and suggestions.

Settlement Agreement ¶ 8(b).  The Complaint also seeks the Army's identification of additional sites as "high priority."

Defendants now move to dismiss the Complaint in this case, arguing that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court should dismiss the Complaint because it fails to state a viable claim.  Defendants argue that the doctrines of res judicata, law of the case, and waiver bar the assertion that Defendants failed to comply with the public participation requirements of paragraph 8(b) of the Settlement Agreement.  Defendants also argue that Mālama Mākua lacks a right to have any particular site listed as "high priority."  The motion to dismiss is denied.

II.     <u>RULE 12(b)(6) STANDARD.</u>

Effective December 1, 2007, Rule 12(b)(6) of the Federal Rules of Civil Procedure has been amended.  In relevant part, the rule now reads: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by

4

motion: . . . (6) failure to state a claim upon which relief can be granted." "The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Rule 12 Advisory Committee Notes, 2007 Amendments. Because no substantive change in Rule 12(b)(6) was intended, the court interprets the new rule by applying precedent related to the prior version of Rule 12(b)(6).

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion

to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

III.     ANALYSIS.

   A.   The Court Declines to Dismiss the First Claim for Relief.

In the First Claim for Relief in this matter, Mālama Mākua asserts that Defendants have failed to comply with the public participation requirements of paragraph 8(b) of the 2001 Settlement Agreement. Defendants move to dismiss this claim, arguing that it is barred by the doctrines of res judicata, law of the case, and waiver. This court declines to dismiss the First Claim for Relief on the record before it.

   1.   Res Judicata.

Defendants initially argue that the First Claim for Relief should be dismissed based on the doctrine of res judicata, which prohibits a party or its privy from relitigating issues that were or could have been decided in a previous action in which a final judgment on the merits was entered. See Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007). The res judicata effect of a federal court judgment is a matter of federal law. See Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871 n.11 (9th Cir. 1992). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). The Ninth Circuit explains:

7

>             Res judicata bars relitigation of all grounds
>             of recovery that were asserted, or could have
>             been asserted, in a previous action between
>             the parties, where the previous action was
>             resolved on the merits.  It is immaterial
>             whether the claims asserted subsequent to the
>             judgment were actually pursued in the action
>             that led to the judgment; rather, the
>             relevant inquiry is whether they could have
>             been brought.

Id. at 1078 (quoting United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905 (9th Cir. 1998)).  Defendants fail to demonstrate that res judicata precludes this action because they fail to establish an "identity of claims."  In other words, Defendants have failed to show that the "two suits arise from the same transactional nucleus of facts."  Id. (internal quotations omitted).

In the First Claim for Relief in this matter, Mālama Mākua asserts that Defendants failed to comply with paragraph 8(b) of the 2001 Settlement Agreement, which required Defendants to "provide meaningful opportunities for the people of the Wai`anae Coast to participate in identifying and prioritizing the[] areas, including releasing draft plans for public review and holding meetings at which the public will have the chance to ask questions, raise concerns and make comments and suggestions."  See Complaint ¶ 37.  However, Mālama Mākua is not simply asking the court to enforce the 2001 Settlement Agreement.  The First Claim for Relief must also be analyzed in conjunction with this court's order of April 9, 2008, requiring the Army, by April 22,

2008, to "formally identify all 'additional, high priority areas at MMR for UXO clearance,' as required by paragraph 8(b) of the Settlement Agreement."

The record simply does not establish that, in early 2008, when Mālama Mākua sought to enforce the Settlement Agreement by having Defendants formally identify "high priority" sites at MMR for UXO clearance, Mālama Mākua knew what Defendants would do with respect to public participation in the identification of those sites.  Mālama Mākua now claims that, after this court ordered Defendants to identify "high priority" sites for UXO clearance earlier this year, Defendants failed to provide the public with meaningful opportunities to participate in that process before formally identifying the "high priority" sites.  Because the Army does not show that this is a claim that Mālama Mākua could have asserted earlier in seeking to enforce the Settlement Agreement, dismissal based on res judicata is unwarranted.  Absent such a showing, this action cannot be said to "arise from the same transactional nucleus of facts" as the previous motion to enforce the Settlement Agreement.  See id.  Mālama Mākua says its claim ripened after April 22, 2008, when Defendants allegedly identified the "high priority" sites without allowing meaningful public input.

This court did not read Mālama Mākua's earlier attempt to enforce the Settlement Agreement as seeking a determination

9

that every clause in paragraph 8(b) of the Settlement Agreement had been violated. In ruling that Defendants had violated paragraph 8(b), this court did not expressly address that paragraph's public participation requirements. Whether the Army fairly read this court's earlier order as implicitly so holding is not a matter this court can address on a motion to dismiss, which allows consideration of only limited material.

Even if Mālama Mākua could have asserted in its earlier request that Defendants had failed to comply with the public participation provisions of paragraph 8(b), this court would not apply the res judicata doctrine here. Mālama Mākua filed this action in light of this court's request that a new action be filed if a breach of the Settlement Agreement is alleged. This request was intended to help the parties focus on new issues, to prevent confusion, and to provide for orderly scheduling such as a discovery cutoff, motions cutoff, and a trial date, matters no longer in issue for the claims in the 2000 to 2001 pleadings. The filing of a new complaint was not intended to give rise to any procedural advantage or detriment that would be absent if relief continued to be sought through motions in the original case. Certainly, if Mālama Mākua had filed its present claims as a motion to enforce the Settlement Agreement or the court's 2008 orders in the original case, Defendants could not argue that the res judicata doctrine barred the new claims. Res judicata is

therefore inapplicable in this action as well.  Otherwise, Mālama Mākua could merely refile its motion to enforce in the other action, thereby wasting the court's and the parties' time and resources.

Finally, Defendants contend that they complied with the public participation requirements in the first year after the execution of the Settlement Agreement and so cannot now be said to have violated those requirements.  That is the kind of argument more appropriately addressed in a motion for summary judgment, rather than in a motion to dismiss that requires the court to take as true the facts alleged in the Complaint.  The court also notes that, to the extent Defendants relied on information they received after the one-year period in determining which sites to identify as "high priority," the public participation requirements of paragraph 8(b) may apply to that new information.  Otherwise, the public participation of years ago is disconnected from the decision made in 2008.  Any reliance on post-participation information suggests that circumstances changed after 2001.  On the present motion to dismiss, the court declines to make any determination on this matter.

        2.   <u>Law of the Case.</u>

Defendants argue that, even if res judicata is inapplicable, the law of the case doctrine makes dismissal of the

First Claim for Relief appropriate. "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990). Under this discretionary doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." Id. "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" Id. (quoting Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982)). Law of the case is relevant if the present case is considered a continuation of the earlier case.

As discussed above, whether Defendants complied with paragraph 8(b)'s public participation requirements in finalizing the list of "high priority" sites for UXO clearance was not expressly decided in the earlier motion to enforce, and the Army does not establish an implicit decision. The court therefore declines to dismiss the First Claim for Relief based on the law of the case doctrine.

### 3. Waiver.

Defendants also contend that Mālama Mākua waived its claim that Defendants failed to comply with the public participation requirements of paragraph 8(b) of the Settlement Agreement. Defendants argue that Mālama Mākua should have moved

to reconsider this court's order regarding the timing for identifying "high priority" sites.  Defendants say that Mālama Mākua knew that Defendants could not identify the sites in the short time given them by the court.  Defendants noted at the hearing on March 3, 2008, that it would take approximately six months to identify the sites if Defendants had to further consult the public.  Defendants say that, because the court only gave Defendants until April 22, 2008, to identify the "high priority" sites, Mālama Mākua should have asked this court to change the time frame to allow for public participation.

This court is unpersuaded by Defendants' waiver argument.  This court ordered Defendants, by April 22, 2008, to "formally identify all 'additional, high priority areas at MMR for UXO clearance,' as required by paragraph 8(b) of the Settlement Agreement."  See Amended Order Enforcing 2001 Settlement Agreement (Apr. 9, 2008) (Document No. 188) (emphasis added).  If the court's time frame was too short for Defendants to comply with the court's order, it was incumbent on Defendants, not Mālama Mākua, to ask this court to change the time frame to give Defendants more time to seek public participation. Defendants' waiver argument assumes that Mālama Mākua has the burden of protecting Mālama Mākua's rights, but that Defendants have no corresponding burden of ensuring that they satisfy their own obligations.  This is tantamount to saying that Defendants

13

only need to do what Mālama Mākua seeks to have the court order, a proposition inconsistent with the very concept of an agreement. The court notes, moreover, that, if Defendants had to offer public participation in 2008, that was an obligation owed to more than Mālama Mākua. Mālama Mākua could not have waived the rights of other members of the public.

The court is, in any event, not in agreement with Defendants' contention at the hearing on the present motion that this court gave them only 13 days to identify "high priority" sites. This court issued its Order Enforcing 2001 Settlement Agreement on March 11, 2008. That order gave Defendants until April 15, 2008, to identify "high priority" sites. See Order Enforcing 2001 Settlement Agreement (March 11, 2008) (Civ. No. 00-00813 SOM, Document Number 179). On April 9, 2008, this court extended the compliance date by one week, to April 22, 2008. See Order Granting in Part and Denying in Part Mālama Mākua's Motion to Amend Order Enforcing 2001 Settlement Agreement (Apr. 9, 2008) (Civ. No. 00-00813 SOM, Document Number 187); Amended Order Enforcing 2001 Settlement Agreement (March 11, 2008) (Civ. No. 00-00813 SOM, Document Number 188). Defendants therefore knew that they had to identify "high priority" sites for UXO clearance for more than 13 days before the deadline for identifying those sites.

To the extent Defendants seek dismissal of the First Claim for Relief based on a waiver argument, the motion is denied.

### B. The Court Declines to Dismiss the Second Claim for Relief.

In the Second Claim for Relief, Mālama Mākua asserts that Defendants violated paragraph 8(b) of the 2001 Settlement Agreement by failing to identify numerous high priority cultural sites and by failing to focus on increasing access to those sites. Defendants move to dismiss this claim, arguing that the court cannot grant any relief with respect to it. Defendants argue that, under the Settlement Agreement, they are not required to clear UXO from any particular site. This court denies the motion to dismiss the Second Claim for Relief, as this is an argument more properly asserted in a motion for summary judgment.

Whether a particular site should have been identified as a "high priority" site by Defendants involves an examination of the unique circumstances surrounding the site. Although the Settlement Agreement did not require any particular site to be so identified, it required Defendants to "identify additional, high priority areas at MMR for UXO clearance, with the focus on increasing public access to cultural sites." Settlement Agreement ¶ 8(b). The Second Claim for Relief does not seek to have any particular site identified as "high priority," but instead seeks compliance with paragraph 8(b)'s requirement that

Defendants "focus on increasing public access to cultural sites." Under these circumstances, the Complaint alleges a potentially viable cause of action. Whether Defendants actually complied with the requirement that they "focus on increasing public access to cultural sites" is a matter left for examination on a fuller record.

IV.     CONCLUSION.

For the reasons set forth above, the court denies Defendants' motion to dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 24, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Mālama Mākua v Gates, et al., Civ. No. 08-00327 SOM/LEK; ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT